**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

PAM SANDERS                                                                                              PLAINTIFF

v.                                              4:05CV00432 SWW/JTR

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                               DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

Plaintiff, Pam Sanders, has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties have submitted Appeal Briefs, and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial

evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

Plaintiff alleged disability[2] based on pelvic pain, fatigue, dizzy spells, nausea, hyperthyroidism, high blood pressure, depression, blurred vision, chest pain, and shortness of breath. (Tr. 68.) After conducting an administrative hearing, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through January 29, 2004, the date of his decision. (Tr. 24.) On February 12, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 4-7.) Plaintiff then filed her Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 41 years old at the time of the hearing (Tr. 150, 175) and had completed the eighth grade in school, with some classes in special education.[3] (Tr. 46, 74.) Her past relevant work included a job as a certified nurse's assistant. (Tr. 15, 59-60.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

[2] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

[3] She testified that she only went as far as the seventh grade. It makes no difference; either would qualify as a "limited" education. 20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3) (2003).

evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b) (2003). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.*

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 404.1520(c). If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).[4] If so, and the duration requirement is met, benefits are awarded. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. *Id.*, § 404.1520(f). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(g). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since her alleged onset date (Tr. 23); (2) had "severe" impairments, hypertension, a thyroid disorder, a history of alcohol abuse, and depression (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (*id.*); (4) was not totally credible regarding her alleged limitations (*id.*); (5) retained the RFC for a wide range of light work[5] (*id.*); (6) was unable to perform

---

[4] If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence. *Id.*, § 404.1520(e). This RFC is then used by the ALJ in his analysis at Steps 4 or 5. *Id.*

[5] At step 5, the ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs

her past relevant work (*id.*); but (7) was capable of performing other jobs available in the national economy, including positions as a housekeeper, janitor/cleaner, and laundry/dry cleaner worker. (Tr. 24)  Thus, the ALJ concluded that Plaintiff was not disabled. *Id.*

In Plaintiff's Appeal Brief (docket entry #7), she argues that the ALJ erred: (1) in insufficiently advising her that she had the right to be represented by counsel at the administrative hearing; (2) in failing to advise her that she had a right to cross-examine the vocational expert; (3) in failing to develop the record in regard to her physical impairments; and (4) in his credibility analysis.  Because the Court concludes that Plaintiff's second argument has merit, it need not address the other points supporting reversal of the ALJ's decision.

Plaintiff, who was not represented by counsel during the administrative hearing, properly argues that the ALJ erred in failing to advise her that she had the right to cross-examine the vocational expert. (Plaintiff's App. Br. at 12-13.)  Since the ALJ determined, at step 5, that there were other jobs available in the national economy that Plaintiff could perform, the testimony of the vocational expert was crucial to the ALJ's decision that Plaintiff was not disabled.

The ALJ had the vocational expert testify by telephone.  (Tr. 192.)  After asking the vocational expert two hypothetical questions, the ALJ terminated the telephone conversation: "I don't have any other questions o[f] you, Mr. O'Neal.  Thank you very much.  You have a good day." (Tr. 195.)  The ALJ did *not* advise Plaintiff that she had the right to cross-examine the vocational expert, or even allow her the opportunity to do so.  If a claimant is representing herself, as Plaintiff was, the ALJ has a special responsibility to inform the claimant of her right to cross-examine each witness. *Coffin v. Sullivan*, 895 F.2d 1206, 1212 (8th Cir. 1990).  Plaintiff was representing herself. (Tr. 177.)  Therefore, the ALJ's failure to advise Plaintiff that she had the right to cross-examine the vocational expert was reversible error.

---

within the economy that Plaintiff could perform, given her RFC, age, education and past work. (Tr. 21.)  The ALJ based his decision that she could perform other work on the testimony of a vocational expert witness in response to a hypothetical question. (Tr. 22.)

This case should be reversed and remanded to the Commissioner for another hearing. If Plaintiff is unrepresented at that hearing, the ALJ should fulfill his special responsibility to inform her of her right to cross-examination.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be reversed and remanded for action consistent with this opinion. This recommended remand would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 27th day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE